## W. W. MORRIS v. C. T. JAY.

Two judgments were rendered on the same day against the same defendant, in favor of different plaintiffs, and executions on both were levied on the same tract of land.  In January, 1869, J. purchased the land under the execution which was issued on the prior judgment in point of time. In April, 1869, M. purchased the same land under execution issued on the junior judgment.  *Held,* that as the lien under the prior judgment covered the entire interest of the judgment debtor, the sale by the

sheriff passed all title out of the debtor ; and as the debtor had no re-
remaining interest in the land, the purchaser under the junior judg-
ment and sale acquired no title under the purchase.

APPEAL from Rusk.   Tried below  before the Hon. J. B.
Williamson.

The facts of this case are sufficiently indicated in the opinion
of the court.

*W. W. Morris,* appellant, in proper person.

*James H. Jones,* for appellee.

OGDEN, J.   Upon the rendition of two judgments in the
District Court, on the same day, against the same defendant,
and in favor of different plaintiffs, both judgments become liens
on all the real estate of the defendant situated in the county
where the judgments were rendered, from the date of the judg-
ments.

The question whether all judgments rendered on  the same
day are, in law, equal in age and force, or whether they are
prior or subsequent, according to the actual time when rendered
and enrolled in the records of the court, has been variously set-
tled in the different States, by the statutes of the States, and
the decisions of the courts upon those statutes.   We do not,
however, deem it necessary to the proper determination of this
cause, to consider the question of the priority of such judg-
ments in this State, as it is believed that other and entirely dif-
ferent rules of law must control the question presented in this
record.

This is an action of trespass to try title to a certain tract of
land claimed by both appellant and appellee under and by virtue
of a sheriff's sale made under two different executions, issued
upon separate and distinct judgments, rendered in the same court
on the same day.   The appellee purchased under the execution
which was issued upon the prior judgment in point of time and
entry, in January, 1869.   The appellant purchased at the sheriff's

sale under an execution issued upon the junior judgment, in April, 1869, and after the deed to appellee was placed on record. It therefore becomes wholly immaterial, so far as this suit is concerned, whether there was a priority of lien or not, as the sale to appellee was made upon the first judgment, which became a lien at least equal in priority to any other, and which lien covered the entire interest of the original debtor; and therefore, when the sale was made by the sheriff, the entire title and interest passed out of the debtor, and of course he had no interest in the land to sell under the subsequent execution; and as he had no interest in the land to sell, the purchaser under the latter execution received none under the purchase.

Whether the sheriff might not have been compelled to make a division and apportionment of the proceeds of the first sale, among the judgment creditors of equal standing, is a question which need not be decided now, as the appellant has elected this proceeding to enforce a supposed right. We have, therefore, only to decide that he had no such interest in the land in dispute, as would enable him to recover in an action of trespass to try title. There was, therefore, no error in the District Court in rendering a judgment for the defendant, and that judgment is affirmed.

Affirmed.